Case 4:22-cv-00483-DKG   Document 1   Filed 11/22/22   Page 1 of 15

Joseph C. Miller
MAUK MILLER & HAWKINS, PLLC
600 E. Riverpark Ln., Ste. 210
Boise, ID  83706
Tel:       (208) 287-8787
Fax:      (208) 287-8788
e-mail:  office@idahojustice.com
ISB No. 7485

Attorney for Plaintiff

**IN THE DISTRICT COURT OF THE UNITED STATES**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| VERN W. DUTTON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>LITHIA IDAHO FALLS-F, INC., dba LITHIA FORD IDAHO FALLS,<br><br>　　　　Defendant. | Case No.<br><br>**CIVIL COMPLAINT AND DEMAND FOR JURY TRIAL** |

　　　　COMES NOW Plaintiff VERN W. DUTTON, by and through his counsel of record, Joseph C. Miller, of the firm Mauk Miller & Hawkins, PLLC, and by way of cause of action against the above-captioned Defendant LITHIA IDAHO FALLS-F, INC., dba LITHIA FORD IDAHO FALLS, ("Lithia Ford" or "Defendant"), complains and alleges as follows:

**NATURE OF CLAIM**

　　　　1.　　This is an action for equitable and legal relief and monetary damages brought by Plaintiff against Defendant, her former employer. Plaintiff seeks redress for the following wrongs done to her by Defendant: wrongful termination; illegal discrimination on the basis of his race, religion, and age; breach of implied contract; breach of good faith and fair dealing; and retaliation.

　　　　2.　　In particular, this action arises under the following:

　　　　a.　　Title VII of the Civil Rights Act of 1964, as amended (Title VII) which prohibits employers from discriminating against employees on the basis of race and religion, 42 U.S.C. §§ 2000e-2(a);

b. Title VII of the Civil Rights Act of 1964, as amended ("Title VII") which prohibits employers from retaliating against employees who make, pursue, participate in, and/or support claims for unlawful discrimination and harassment, or for opposing employment practices made unlawful by federal and state law, 42 U.S.C. §§ 2000e-3(a);

c. The Age Discrimination in Employment Act of 1967, as amended ("ADEA"), including 29 U.S.C.. § 623(a) which prohibits age discrimination, and 29 U.S.C. § 623(d) which prohibits reprisal and retaliatory acts; and

d. The Idaho Human Rights Act ("IHRA"), including Idaho Code § 67-5909 which prohibits discrimination based on race and religion, and Idaho Code § 67-5911 which prohibits reprisal or retaliatory acts for opposing practices made unlawful by the IHRA.

## PARTIES

3. Plaintiff at all times relevant hereto was, and is now, an adult male citizen of the United States and a resident of the State of Idaho, residing in Idaho Falls.

4. At the time this action accrued Plaintiff was an employee of Defendant within the meaning of 42 U.S.C. § 2000e(f), 29 U.S.C. § 630(f), and Idaho Code § 67-5902, and a person subject to the protections of Title VII, the ADEA, and the IHRA.

5. Defendant is now, and at all times relevant hereto was, a business formed pursuant to the laws of the United States, authorized and operating under the laws of the State of Idaho.

6. Defendant maintains its principal place of business and employment records relevant to this action in Idaho Falls, Idaho.

7. At the time this action accrued, Defendant was Plaintiff's employer within the meaning of 42 U.S.C. § 2000e(b), 29 U.S.C. § 630(b), and Idaho Code § 67-5902(6).

8. All wrongful acts and omissions attributable to the individuals named or referenced herein are imputable to and the legal responsibility of the Defendant under principles of agency, *respondent superior*, and federal law authorizing imputation of such responsibility.

## JURISDICTION AND VENUE

9. The unlawful acts and omissions alleged herein were committed in this judicial district during the period Plaintiff was employed by and worked for Defendant in

this judicial district.

10. Jurisdiction is conferred on this court pursuant to Section 706 of Title VII, 42 U.S.C. § 2000e-5(f), the ADEA, 29 U.S.C. § 626(c), as well as 28 U.S.C. § 1331 pertaining to civil actions arising under the laws of the United States and 28 U.S.C. § 1343 pertaining to the deprivation of civil rights. This court also has pendent jurisdiction over Plaintiff's claims founded upon the laws of the State of Idaho.

11. Venue is proper in this court pursuant to 42 U.S.C. § 2000e-5(f), 29 U.S.C. § 626(c), and 28 U.S.C. § 1391.

**EXHAUSTION OF REMEDIES AND AUTHORIZATION FOR SUIT**

12. With respect to the claims and causes of action for racial and religious discrimination alleged herein, Plaintiff has exhausted all administrative remedies and complied with all conditions precedent required by applicable federal and state laws prior to commencement of this action.

13. On or about May 12, 2021, Plaintiff filed a formal charge of racial, religious, and age discrimination against Defendants with the Idaho Human Rights Commission (IHRC) and the Equal Employment Opportunity Commission (EEOC).

14. The EEOC conducted an independent investigation into Plaintiff's charge of discrimination.

15. On May 11, 2022, the EEOC issued a Determination and Notice of Rights, authorizing Plaintiff to file suit within 90 days of his receipt of said Notice. Plaintiff received and viewed the Notice on May 14, 2022.

**STATEMENT OF FACTS**

16. Mr. Dutton is a certified Ford service technician with decades of experience.

17. Mr. Dutton is 56 years old.

18. Mr. Dutton is bi-racial – Caucasian and African-American.

19. Lithia Ford hired Mr. Dutton as a shop service technician in April, 2019. During Mr. Dutton's employment with Lithia Ford, Spencer Bowen was his direct supervisor. Mr. Bowen was aware of Mr. Dutton's age and race when he hired him.

20. In the hiring interview, Mr. Bowen asked Mr. Dutton if Mr. Dutton belonged to The Church of Jesus Christ of Latter-Day Saints (LDS). Mr. Dutton felt uncomfortable with the question but answered that his family had ties to the LDS church, but that Mr. Dutton was not a practicing member. Mr. Bowen told Mr. Dutton that many employees

at Lithia Ford belonged to the LDS church and encouraged him to return to the church. Over the course of Mr. Dutton's employment, Mr. Bowen repeatedly brought up the LDS church to Mr. Dutton and encouraged him to return to the church.

21. During 2019, Mr. Bowen repeatedly promised to promote Mr. Dutton to shop Foreman, but repeatedly failed to deliver on this promise. Mr. Dutton complained often to Mr. Bowen about the failure to deliver but Mr. Bowen ignored him.

22. In early 2020, Mr. Dutton sought new employment and was offered a higher-paying job at a competing auto dealer. Near the middle or end of March, 2020, he gave Mr. Bowen two weeks' notice of his intent to leave Lithia Ford.

23. When Mr. Bowen received Mr. Dutton's two weeks' notice, he notified his supervisor, Chris Hunt. Mr. Hunt and Mr. Bowen then had an in-person meeting with Mr. Dutton. In that meeting, Mr. Bowen and Mr. Hunt offered Mr. Dutton the shop Foreman position, a raise, and bonuses if Mr. Dutton would continue working for Lithia Ford. Mr. Dutton agreed to stay at Lithia Ford and turned down the job at the competing dealer

24. A month passed and Mr. Bowen again failed to deliver on the promises made in the meeting.

25. In April, 2020, Mr. Dutton filed a complaint with the Human Resources department, detailing the meeting and the promises made and broken by Mr. Bowen, and included the fact he had turned down a higher-paying job at a competing dealer in reliance on Mr. Bowen's promises. HR investigated the allegations and found in Mr. Dutton's favor and required Lithia Ford to make good on the promises Mr. Bowen made in the meeting. Lithia Ford made Mr. Dutton the shop Foreman and Mr. Dutton kept this position until his constructive termination on January 5, 2022.

26. Shortly after the HR investigation concluded, Mr. Bowen held a meeting with all the shop staff and instructed them to not take their problems with their supervisors to HR anymore. Mr. Bowen also complained to several of Mr. Dutton's co-workers that Mr. Dutton had "turned him in" to HR, as if Mr. Dutton was some kind of a snitch. Mr. Dutton was alarmed by this as he felt he had been simply following company policy and that HR had been his only resource for help when his complaints to Mr. Bowen were ignored.

27. In 2020, Mr. Dutton was receiving repair jobs from service writer Jason

Eggerston. Mr. Dutton had a co-worker, Ash Megerssa, who was also working under Mr. Eggerston. Mr. Megerssa is from Ethiopia and is African. Mr. Eggerston called Mr. Dutton and Mr. Megerssa "niggers" regularly. He also referred to Mr. Dutton and Mr. Megerssa as his "slaves," and his area of the shop as the "black area." These slurs were openly directed at Mr. Dutton and Mr. Megerssa nearly every day.

28. In July or August of 2020, Mr. Dutton overheard Mr. Eggerston using these racial slurs in a conversation with Mr. Bowen while referring to Mr. Dutton. Mr. Bowen, instead of correcting Mr. Eggerston's behavior, simply laughed and seemed to condone it. Mr. Dutton then reported this conduct to HR.

29. HR investigated these allegations and found they had merit. Mr. Bowen and Mr. Eggerston were later disciplined. However, Mr. Bowen again complained about being reported to HR and instructed the shop staff to not take their problems with supervisors to HR.

30. After this incident, Lithia Ford supervisors began to methodically and progressively steer work away from Mr. Dutton. Nearly all of the upper management at Lithia Ford were/are Caucasian and members of the LDS church. Work was steered toward those service techs who were active members of the LDS church, including and especially Carey Pope and David Lerum.

31. In February, 2021, a service writer position came open and Mr. Dutton expressed his interest in the position to Mr. Bowen. The service writer position is generally considered a promotion from a service tech position. Mr. Bowen assured him he would be considered for the job. Mr. Bowen told Mr. Hunt that Mr. Dutton was interested, and Mr. Hunt told Mr. Bowen he felt Mr. Dutton would be a good hire for the position.

32. Sometime later, Mr. Bowen asked Mr. Dutton to have lunch with him. At lunch, Mr. Bowen told Mr. Dutton he had a problem with Mr. Dutton working at Lithia Ford due to their "past history." The only "past history" Mr. Dutton had with Mr. Bowen was in reporting his bad behavior to HR. Mr. Bowen told Mr. Dutton they were going to hire someone else for the service writer position and asked Mr. Dutton to help them interview the other candidate. Mr. Dutton had, at the time, at least fifteen years' experience as a service writer. The candidate that was hired instead of Mr. Dutton had zero years' experience as a service writer but was significantly younger than Mr. Dutton

(under 40) and Caucasian.  By doing so, Lithia Ford discriminated against Mr. Dutton based on his age, race, and religion.

33. On May 11, 2021, Mr. Dutton filed a complaint with the EEOC alleging racial, religious, and age discrimination, and retaliation.  On June 26, 2021, Lithia Ford filed a response with the EEOC to Mr. Dutton's complaint.

34. Over the rest of 2021, Lithia Ford continued to steer service work away from Mr. Dutton, causing his paychecks to gradually and steadily decrease.  This work was steered toward others who were younger than Mr. Dutton and who were Caucasian and members of the LDS church.

35. In July 2021, Mr. Dutton saw a service tech installing a part on a diesel truck in violation of federal law.  As the shop Foreman he instructed the service tech to stop the work and then went and asked the service writer, Mr. Eggerston, if he was aware that type of job was illegal and should not have been written as a repair job.  Mr. Eggerston told Mr. Dutton he was aware that the job was illegal, but that Mr. Bowen had approved it anyway.  Mr. Dutton then confronted Mr. Bowen about the job and Mr. Bowen denied knowing it was illegal.  However, Mr. Dutton later learned that the repair order had been falsified, in an apparent effort to cover up the fact that it was illegal.  Not wanting to be part of any illegal activity, Mr. Dutton reported the incident to HR and to the EPA.

36. Shortly after this, Mr. Dutton was demoted from two bays in the shop to one bay.  Due to the nature of his work, this made it nearly impossible for Mr. Dutton to complete enough work order to afford to stay at Lithia Ford.

37. Additionally, work was still being steered away from him and to employees who belonged to the LDS church.  Several service techs who had significantly less experience than Mr. Dutton, but who were younger, Caucasian, and members of the LDS church, were receiving more work and earning more in wages and bonuses than Mr. Dutton.

38. In late December, 2021, Mr. Dutton was no longer able to earn enough to pay his bills or meet his basic obligations.  He gave notice and quit on January 8, 2022.  Although Lithia Ford did not actually terminate his employment, it did constructively terminate it by taking away his ability to earn enough money to live.  Mr. Dutton had no choice but to quit and seek employment elsewhere.

## INCORPORATION

39. Plaintiff incorporates paragraphs 1 through 38 of this complaint in each of the claims for relief stated below.

## COUNT I

## RACIAL DISCRIMINATION – TITLE VII

40. At all times addressed herein, Plaintiff was and is bi-racial and subject and entitled to the protections of federal and state law which prohibits discrimination based on his race.

41. Defendant is an entity subject to the provisions of Title VII.

42. Plaintiff's work performance for Defendant was at least satisfactory.

43. The disparate discriminatory treatment of Plaintiff by Defendant arises from a series of cumulative events and actions, perpetrated or directed largely by Mr. Bowen with the knowledge, support and/or consent of others in the administrative hierarchy of Lithia Ford.

44. All of the decisions and actions taken against Plaintiff by Defendant described here were motivated in whole or substantial part by his race, with the discriminatory intent and effect of depriving Plaintiff of equal treatment provided to similarly situated Caucasian employees.

45. The conduct of Mr. Bowen in particular toward Plaintiff had the purpose and effect of unreasonably interfering with Plaintiff's work performance and that of non-white employees similarly situated, and further created and fostered and intimidating, hostile, unwelcome and offensive work environment for all non-white employees within Mr. Bowen's area of responsibility, including Plaintiff.

46. Despite being aware and advised of Plaintiff's complaints, Lithia Ford failed to take immediate and appropriate action to cause cessation of or otherwise circumscribe the discriminatory and harassing conduct against Plaintiff.

47. Defendant's conduct in constructively terminating Plaintiff due to his race constituted an illegal discrimination against him in violation of Title VII.

48. Said violations caused Plaintiff damages in an amount that will be proven at trial.

## COUNT II

## RACIAL DISCRIMINATION – IHRA

49. At all times addressed herein, Plaintiff was and is bi-racial and subject and entitled to the protections of federal and state law which prohibits discrimination based on his race.

50. Defendant is an entity subject to the provisions of the IHRA.

51. Plaintiff's work performance for Defendant was at least satisfactory.

52. The disparate discriminatory treatment of Plaintiff by Defendant arises from a series of cumulative events and actions, perpetrated or directed largely by Mr. Bowen with the knowledge, support and/or consent of others in the administrative hierarchy of Lithia Ford.

53. All of the decisions and actions taken against Plaintiff by Defendant described here were motivated in whole or substantial part by his race, with the discriminatory intent and effect of depriving Plaintiff of equal treatment provided to similarly situated Caucasian employees.

54. The conduct of Mr. Bowen in particular toward Plaintiff had the purpose and effect of unreasonably interfering with Plaintiff's work performance and that of non-white employees similarly situated, and further created and fostered and intimidating, hostile, unwelcome and offensive work environment for all non-white employees within Mr. Bowen's area of responsibility, including Plaintiff.

55. Despite being aware and advised of Plaintiff's complaints, Lithia Ford failed to take immediate and appropriate action to cause cessation of or otherwise circumscribe the discriminatory and harassing conduct against Plaintiff.

56. Defendant's conduct in constructively terminating Plaintiff due to his race constituted an illegal discrimination against him in violation of the IHRA.

57. Said violations caused Plaintiff damages in an amount that will be proven at trial.

## COUNT III

## RELIGIOUS DISCRIMINATION – TITLE VII

58. At all times addressed herein, Plaintiff was subject and entitled to the protections of federal and state law which prohibits discrimination based on his religion.

59. Defendant is an entity subject to the provisions of Title VII.

60. Plaintiff's work performance for Defendant was at least satisfactory.

61. The disparate discriminatory treatment of Plaintiff by Defendant arises from a series of cumulative events and actions, perpetrated or directed largely by Mr. Bowen with the knowledge, support and/or consent of others in the administrative hierarchy of Lithia Ford.

62. All of the decisions and actions taken against Plaintiff by Defendant described here were motivated in whole or substantial part by his religion, with the discriminatory intent and effect of depriving Plaintiff of equal treatment provided to similarly situated employees who were members of the LDS church.

63. The conduct of Mr. Bowen in particular toward Plaintiff had the purpose and effect of unreasonably interfering with Plaintiff's work performance and that of non-LDS employees similarly situated, and further created and fostered and intimidating, hostile, unwelcome and offensive work environment for all non-LDS employees within Mr. Bowen's area of responsibility, including Plaintiff.

64. Despite being aware and advised of Plaintiff's complaints, Lithia Ford failed to take immediate and appropriate action to cause cessation of or otherwise circumscribe the discriminatory and harassing conduct against Plaintiff.

65. Defendant's conduct in constructively terminating Plaintiff due to his religion constituted an illegal discrimination against him in violation of Title VII.

66. Said violations caused Plaintiff damages in an amount that will be proven at trial.

## COUNT IV
## RELIGIOUS DISCRIMINATION – IHRA

67. At all times addressed herein, Plaintiff was subject and entitled to the protections of federal and state law which prohibits discrimination based on his religion

68. Defendant is an entity subject to the provisions of the IHRA.

69. Plaintiff's work performance for Defendant was at least satisfactory.

70. The disparate discriminatory treatment of Plaintiff by Defendant arises from a series of cumulative events and actions, perpetrated or directed largely by Mr. Bowen with the knowledge, support and/or consent of others in the administrative hierarchy of Lithia Ford.

71. All of the decisions and actions taken against Plaintiff by Defendant

described here were motivated in whole or substantial part by his religion, with the discriminatory intent and effect of depriving Plaintiff of equal treatment provided to similarly situated employees who were members of the LDS church.

72. The conduct of Mr. Bowen in particular toward Plaintiff had the purpose and effect of unreasonably interfering with Plaintiff's work performance and that of non-LDS employees similarly situated, and further created and fostered and intimidating, hostile, unwelcome and offensive work environment for all non-LDS employees within Mr. Bowen's area of responsibility, including Plaintiff.

73. Despite being aware and advised of Plaintiff's complaints, Lithia Ford failed to take immediate and appropriate action to cause cessation of or otherwise circumscribe the discriminatory and harassing conduct against Plaintiff.

74. Defendant's conduct in constructively terminating Plaintiff due to his religion constituted an illegal discrimination against him in violation of the IHRA.

75. Said violations caused Plaintiff damages in an amount that will be proven at trial.

## COUNT V
## AGE DISCRIMINATION – ADEA

76. At all times addressed herein, Plaintiff was over the age of 40 and subject and entitled to the protections of federal and state law which prohibits discrimination based on his age.

77. Defendant is an entity subject to the provisions of the ADEA.

78. Plaintiff's work performance for Defendant was at least satisfactory.

79. The disparate discriminatory treatment of Plaintiff by Defendant arises from a series of cumulative events and actions, perpetrated or directed largely by Mr. Bowen with the knowledge, support and/or consent of others in the administrative hierarchy of Lithia Ford.

80. All of the decisions and actions taken against Plaintiff by Defendant described here were motivated in whole or substantial part by his age, with the discriminatory intent and effect of depriving Plaintiff of equal treatment provided to similarly situated younger employees.

81. The conduct of Mr. Bowen in particular toward Plaintiff had the purpose and effect of unreasonably interfering with Plaintiff's work performance and that of aged

employees similarly situated, and further created and fostered and intimidating, hostile, unwelcome and offensive work environment for all aged employees within Mr. Bowen's area of responsibility, including Plaintiff.

82. Despite being aware and advised of Plaintiff's complaints, Lithia Ford failed to take immediate and appropriate action to cause cessation of or otherwise circumscribe the discriminatory and harassing conduct against Plaintiff.

83. Defendant's conduct in constructively terminating Plaintiff due to his age constituted an illegal discrimination against him in violation of the ADEA.

84. Said violations caused Plaintiff damages in an amount that will be proven at trial.

## COUNT VI
## AGE DISCRIMINATION – IHRA

85. At all times addressed herein, Plaintiff was over the age of 40 and subject and entitled to the protections of federal and state law which prohibits discrimination based on his age.

86. Defendant is an entity subject to the provisions of the IHRA.

87. Plaintiff's work performance for Defendant was at least satisfactory.

88. The disparate discriminatory treatment of Plaintiff by Defendant arises from a series of cumulative events and actions, perpetrated or directed largely by Mr. Bowen with the knowledge, support and/or consent of others in the administrative hierarchy of Lithia Ford.

89. All of the decisions and actions taken against Plaintiff by Defendant described here were motivated in whole or substantial part by his age, with the discriminatory intent and effect of depriving Plaintiff of equal treatment provided to similarly situated younger employees.

90. The conduct of Mr. Bowen in particular toward Plaintiff had the purpose and effect of unreasonably interfering with Plaintiff's work performance and that of aged employees similarly situated, and further created and fostered and intimidating, hostile, unwelcome and offensive work environment for all aged employees within Mr. Bowen's area of responsibility, including Plaintiff.

91. Despite being aware and advised of Plaintiff's complaints, Lithia Ford failed to take immediate and appropriate action to cause cessation of or otherwise circumscribe

the discriminatory and harassing conduct against Plaintiff.

92. Defendant's conduct in constructively terminating Plaintiff due to his age constituted an illegal discrimination against him in violation of the IHRA.

93. Said violations caused Plaintiff damages in an amount that will be proven at trial.

## COUNT VII
## RETALIATION

94. Federal and state law, including specifically 42 U.S.C. § 200e-3(a), 29 U.S.C. § 623(d) and Idaho Code, Section 67-5911, prohibit any form of reprisal or retaliation by employers and their agents against employees who exercise their rights to oppose discrimination and/or to seek protection under the laws which prohibit gender or age discrimination.

95. Plaintiff availed himself of the protection and application of these laws by, among other things, objecting to and opposing the discriminatory conduct of Defendant by registering and pursuing his complaints of discrimination internally with Lithia Ford HR and externally with the IHRC and EEOC.

96. Such objections, opposition and complaints by Plaintiff were made in good faith with a reasonable belief that Defendant's conduct was unlawful.

97. As a result, Defendant retaliated and took reprisal against him, as addressed herein, in violation of the all aforesaid laws.

98. As the direct and proximate cause of such retaliatory conduct, Plaintiff has suffered and will in the future continue to suffer injury and loss more particularly described herein below, in an amount to be proven at trial.

## COUNT VIII
## BREACH OF IMPLIED CONTRACT
### (Including Breach of the Covenant of Good Faith and Fair Dealing)

99. While employed by Defendant, Plaintiff was an "at-will" employee.

100. An "at-will" employment relationship nevertheless is an employment contract.

101. Defendant's acts and omissions taken against Plaintiff described herein constituted a breach of the employment contract, causing damages to Plaintiff in such amounts as will be proven at trial.

102. In addition, there is an implied covenant of good faith and fair dealing in the employment-at-will contract.

103. Any action by either party which violates, nullifies or significantly impairs any benefit of the employment-at-will contract is a violation of the implied-in-law covenant.

104. Defendant's acts and omissions taken against Plaintiff described herein constitute a violation, nullification, or significant impairment of the benefits guaranteed to Plaintiff in her employment-at-will contract, constituting a breach of the covenant of good faith and fair dealing and causing damages to Plaintiff in such amounts as will be proven at trial.

## DAMAGES

105. The following allegations are incorporated by reference as part of each count, claim and cause of action stated in this complaint and any amendment thereto.

106. As the direct and proximate cause of Defendant's discriminatory and other unlawful conduct, Plaintiff has suffered, and unless and until this court grants relief, will continue to suffer, substantial monetary damage, humiliation, mental anguish and other loss, loss to his professional reputation and career, and other losses tangible and intangible, economic and compensatory, in an amount not less than $75,000, for which she seeks full recovery, all and part.

107. Among other things, Plaintiff seeks recoveries and relief, as allowed by law, for the following:

    a. Lost wages, lost benefits, and future damages;
    b. Loss of bonus pay;
    c. Monetary losses sustained as a direct result of this violation;
    d. Interest on lost wages, bonuses, and benefits;
    e. Liquidated damages equal to all lost wages, bonuses, benefits, and the interest accrued thereon;
    f. Lost employment benefits of every character;
    g. Emotional distress, anxiety, and mental anguish;
    h. Loss of reputation;
    i. Disruption of his career; and
    j. Incidental and consequential losses.

108. The conduct of the Defendant as described herein was willful, intentional, knowing, malicious, reckless, and in extreme deviation from appropriate and acceptable standards, thereby entitling Plaintiff to awards of exemplary, punitive and liquidated damages as are allowed by law.

109. To the extent required by Idaho Code, Section 6-1604 or other applicable law, Plaintiff reserves her right to amend this Complaint to add a prayer for punitive damages.

## EQUITABLE RELIEF

110. In certain respects, Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and equitable relief is the only means of securing full and adequate relief.

111. The facts and circumstances giving rise to this action, and the conduct which is threatened to occur in the future justifies this court in granting appropriate equitable relief, pursuant to 42 U.S.C. § 2000e-5(g), 29 U.S.C. § 626(b), and Idaho Code § 67-5908(1).

## ATTORNEY FEES

112. As a consequence of the claims stated herein, Plaintiff has been required to retain the firm of Mauk Miller & Hawkins, PLLC, to prosecute this action, and has incurred, and will continue to incur, attorney fees and costs. Pursuant to Section 706 of Title VII, 42 U.S.C. § 2000e-5(k), 29 U.S.C. § 626(b), the Civil Rights Attorney Fees Award Act of 1976, 42 U.S.C. § 1988, Idaho Code § 12-120(3), Rule 54 F.R.C.P., and all other comparable provisions of the laws of the United States and Idaho affording such awards, Plaintiff is entitled to an award of his attorney fees and costs incurred in prosecuting this action, including all related proceedings before the IHRC.

## RESERVATION OF RIGHTS

113. Plaintiff reserves his right to amend this complaint as discovery requires and to conform the complaint to the evidence at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this court enter judgment in his favor and order that Defendant compensate Plaintiff in a dollar amount to be proven at trial for the following damages:

1. For all his actual economic losses and damages, past and future, including back pay, front pay, bonuses, income loss and benefit loss in the minimum amount of $75,000, or such greater amount as shall be proven at trial;

2. For an award of interest on all lost income and benefits;

3. For general and compensatory losses and damages in the minimum amount of $75,000, or such greater amount as shall be proven at trial;

4. For additional equitable relief, including ordering Defendants to take affirmative action as this court deems appropriate based on the proof at trial or at a proper post-judgment hearing regarding such relief;

5. For an award of all Plaintiff's costs and reasonable attorneys' fees incurred in prosecuting this action and in all proceedings related thereto; and

6. For such other relief as the court may deem proper and just.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by a jury of no less than six persons on each of the claims made in this complaint, pursuant to Rules 38 and 48, F.R.C.P.

DATED this 11th day of August, 2022.

**MAUK MILLER & HAWKINS, PLLC**

_____
Joseph C. Miller
Attorney for Plaintiff