UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| VERN W. DUTTON,<br><br>          Plaintiff,<br><br>     v.<br><br>LITHIA IDAHO FALLS-F, INC.,<br><br>          Defendant. | Case No. 4:22-CV-000483-DKG<br><br>**MEMORANDUM DECISION AND ORDER ON MOTIONS (DKTS. 7 AND 19)** |

**INTRODUCTION**

Before the Court are Plaintiff's Motion to Deem Complaint Filed on Earlier Date (Dkt. 7) and Defendant's Motion to Dismiss (Dkt. 19). The parties filed responsive briefing and the matter is ripe for the Court's consideration (Dkt. 10, 14, 20, 21).[1] Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding

---

[1] The parties have consented to proceed before a United States Magistrate Judge in this matter pursuant to 28 U.S.C. § 636(c)(1) and Local Civil Rule 72.1(a)(1). (Dkt. 18.)

further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument the Court will decide the motions based on the record. Dist. Idaho. Civ. Rule 7.1(d).

For the reasons that follow, the Court will deny Plaintiff's motion to deem the Complaint filed on an earlier date and grant Defendant's motion to dismiss.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises from an employment discrimination claim filed by Plaintiff Vern W. Dutton ("Dutton") against his former employer Defendant Lithia Idaho Falls-F, Inc. ("Lithia") (Dkt. 1). Dutton began his employment at Lithia in April 2019. (Dkt. 1 ¶ 19). On May 12, 2021, Dutton filed a formal charge of racial, religious, and age discrimination against Lithia with the Equal Employment Opportunity Commission ("EEOC") and the Idaho Human Rights Commission ("IHRC"). (Dkt. 1 ¶ 13). Dutton left his employment with Lithia in January 2022. (Dkt. 1 ¶ 38).  On May 11, 2022, the EEOC issued a Determination and Notice of Rights, which authorized Dutton to file suit within 90 days of receipt of the Notice. (Dkt. 1 ¶ 15). Dutton received and viewed the notice on May 14, 2022. (Dkt. 1 ¶ 15).  Accordingly, Dutton had until August 12, 2022 – ninety (90) days after receipt of the EEOC notice[2] – to file a complaint in federal court.

On August 11, 2022, Dutton's counsel initiated a filing of the Complaint, Summons, and Civil Cover Sheet through the Court's ECF system by paying the filing

---

[2] *See* 42 U.S.C. § 2000e-5(f)(1) (Title VII); 29 U.S.C. § 626(e) (Age Discrimination in Employment Act); Idaho Code § 67-5908(2) (Idaho Human Rights Act).

fee but failed to finalize the filings. (Dkt. 7-1).  Sometime later, unable to find a Summons in the case, Dutton's counsel contacted the Court Clerk's office "to see if they could find our case." (Dkt. 7-1).[3] On November 22, 2022, the Court Clerk's office emailed Dutton's counsel explaining that the filing fee was paid on August 12, 2022, but no complaint had been filed. (Dkt. 7-3).  Further, in response to "a statute of limitations issue" raised by Dutton's counsel, the Clerk indicated that she was "unable to back date a new case, but you can file this request in the case opened today." (Dkt. 7-3).  Thereafter, Dutton filed the Complaint on November 22, 2022. (Dkt. 1).

On February 24, 2023, Dutton served Cindy Nicholson, Area Controller for Lithia, with the Summons and Complaint. (Dkt. 20-1 ¶¶ 6-7).

On March 22, 2023, Dutton filed a Motion to Deem Complaint Filed on Earlier Date pursuant to Idaho District Local Civil Rules 5.1(l) and 7.1. (Dkt. 7). Lithia opposed the motion, arguing that Local Civil Rule 5.1(l) does not apply because Dutton's late filing was not "a result of a technical failure at or by the Court," Dutton unduly delayed in bringing the motion and, in any event, Dutton had not yet properly served Lithia. (Dkt. 10 at 2-4). Dutton replied that cases should be decided on their merits, not by way of default judgment, and that Federal Rule of Civil Procedure 60(b)'s factors supported granting Dutton's motion to back-date his Complaint. (Dkt. 14).

On April 21, 2023, Lithia filed a Motion to Dismiss alleging Dutton's Complaint

---

[3] The email from the Court Clerk, dated November 22, 2022, indicates that Dutton "initially called last week" to determine what had happened with Dutton's attempted filings. (Dkt. 7-3 at 1).

must be dismissed for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5) and failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6). (Dkt. 19).  Specifically, Lithia alleged that Nicholson was not authorized to accept service on behalf of Lithia, all of Dutton's claims were time-barred, and, even if they were not, Dutton's Complaint should be dismissed because it fails to adequately plead facts to support his constructive discharge and breach of implied contract claims. (*Id.*) Dutton opposed the motion to dismiss, referring the Court to his earlier briefing on his Motion to Deem Complaint Filed on Earlier Date and offering evidence from his process server that Nicholson was authorized to receive service of process on behalf of Lithia (Dkt 20-1). Dutton also argued that his Complaint satisfied Federal Rule of Civil Procedure 8's pleading requirements.  In reply, Lithia withdrew its objection as to whether Dutton served the appropriate agent, but reiterated its objection that service was not timely, and that Dutton had not set forth any good cause to explain his lengthy delay in service. (Dkt. 21). Moreover, Lithia claimed that Dutton failed to "grapple with Local Civil Rule 5.1(l) or explain why he believes there is good cause to back-date the Complaint" and "entirely ignores the statute of limitations set out under federal law in Title VII, which applies here." (Dkt. 21 at 3-4). Finally, Lithia argued that the sole allegation related to constructive discharge, found at paragraph 38 of Dutton's Complaint, is insufficient to state a claim for constructive discharge as a matter of law and Dutton does not substantively address Lithia's argument that his breach of implied contract claim should be dismissed. (Dkt. 21 at 5).

**STANDARDS OF LAW**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A suit must be dismissed if the plaintiff fails to "state a claim upon which relief can be granted." Fed. R. Civ. Proc. 12(b)(6). To defeat a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts "to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the factual context pleaded allows a court "to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

When evaluating a Rule 12(b)(6) motion, the Court must accept all material factual allegations as true and draw any reasonable inference in the non-moving party's favor. *Id*. However, the Court is "'is not bound to accept as true a legal conclusion couched as a factual allegation,'" or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.* (quoting *Twombly*, 550 U.S. at 555). Leave to amend the pleading should be freely granted, unless a "pleading could not possible be cured by the allegation of other facts." *Cooks, Perkiss, & Leiche, Inc. v. N. Cal. Collection Serv., Inc.,* 911 F2d 242, 246-47 (9th Cir. 1990).

**DISCUSSION**

**A.  Plaintiff's Motion to Back Date His Complaint.**

Dutton's Complaint was filed on November 22, 2022. (Dkt. 1). It alleges eight

claims against Lithia: (1) racial discrimination under Title VII; (2) racial discrimination under the Idaho Human Rights Act; (3) religious discrimination under Title VII; (4) religious discrimination under the Idaho Human Rights Act; (5) age discrimination under the Age Discrimination in Employment Act; (6) age discrimination under the Idaho Human Rights Act; (7) retaliation in violation of both Title VII and the Idaho Human Rights Act; and (8) breach of implied contract, including breach of the covenant of good faith and fair dealing. (Dkt. 1).  Dutton was required to file claims one through seven in federal court within 90 days of receiving notice of his right-to-sue. *See* 42 U.S.C. § 2000e-5(f)(1) (Title VII); 29 U.S.C. § 626(e) (Age Discrimination in Employment Act); Idaho Code § 67-5908(2) (Idaho Human Rights Act). The 90-day period operates as a statute of limitations period. *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1122 (9th Cir. 2007). The start of the limitations period is measured "from the date on which a right-to-sue notice letter arrived at the claimant's address of record." *Payan*, 495 F.3d at 1122 (citing *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 384 (9th Cir. 1997); *Scholar v. Pac. Bell*, 963 F.2d 264, 267 (9th Cir. 1992)).

Here, it is undisputed that Dutton received his right-to-sue letter on May 14, 2022 (Dkt. 1 ¶ 15). Thus, to be timely, Dutton was required to file his Complaint with this Court within 90-days, or no later than August 12, 2022. (Dkt 7-1). He did not do so. Dutton did not file his Complaint for more than three months thereafter, on November 22, 2022. (Dkt. 1). Dutton explains his delay as a mistake made by an administrative assistant while attempting to file the Complaint. (Dkt. 7 at 4).

In light of these undisputed facts and law, Dutton asks the Court to deem his

Complaint to be filed earlier than it was, specifically on August 12, 2022, which would bring his Complaint within the 90-day statute of limitations. While Dutton does not specifically frame his argument in this way, his motion is tantamount to a request that the Court equitably toll the statute of limitations to find that he timely filed his Complaint.[4] As explained below, the Court is unwilling to do so.

The Ninth Circuit has long recognized that the 90-day filing period for employment claims operates as a limitations period. *Payan*, 495 F.3d at 1121-22 (explaining that the 90-day period operates as a limitations period; if a litigant does not file suit within 90 days of delivery of the notice of the right to sue, the action is time-barred). While this limitations period is "subject to the doctrine of equitable tolling," *Nelmida,* 112 F.3d at 384 (citing *Scholar*, 963 F.2d at 266-67), such doctrine is applied "sparingly." *Nelmida*, 112 F.3d at 384 (citing to *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, (1990). *See also Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999), as amended (Mar. 22, 1999).

The United States Supreme Court has explained that equitable tolling applies when a litigant shows: "(1) that he has been pursuing his rights diligently, and (2) that

---

[4] Dutton's Motion to Deem Complaint Filed on Earlier Date asserts that the Complaint should be filed earlier under Idaho District Civil Rules 5.1(l). (Dkt. 7). Idaho District Rule 5.1(l) discusses the inability to complete a filing because of technical failure of the Court's CM/ECF system. Dist. Idaho Loc. Civ. R. 7.1(l). If a technical failure of CM/ECF prevents filing, a person is instructed to email their documents to the law clerk assigned to the case and the documents shall be deemed filed upon the date received. *Id.* Here, Dutton's failure to file the Complaint on August 11, 2022, was not the result of a technical failure in the Court's system, but rather a failure of Dutton's counsel to timely verify such filing. Accordingly, Idaho Local District Civil Rule 5.1(l) does not apply.

some extraordinary circumstance stood in his way and prevented timely filing."

*Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016). *See also*

*Holland v. Florida*, 560 U.S. 631, 649 (2010). Ordinary mistakes in failing to file a

complaint on time are not enough; a plaintiff must demonstrate "extraordinary

circumstances beyond the plaintiff's control [that] made it impossible to file a claim on

time." *Stoll*, 165 F.3d at 1242; *Hidalgo v. Progress Found*., 2003 U.S Dist. LEXIS 6296

at *4-5 (N.D.Cal., April 10, 2003) ("In rare circumstances courts have allowed extension

of the time limits on Title VII complaints by equitable tolling").

    To that end, courts have allowed equitable tolling only in limited circumstances,

including "when the statute of limitations was not complied with because of defective

pleadings, when a claimant was tricked by an adversary into letting a deadline expire, and

when the EEOC's notice of the statutory period was clearly inadequate." *Scholar,* 963

F.2d at 268 (citing *Irwin*, 498 U.S. at 96 and *Baldwin Cty. Welcome Ctr. v. Brown*, 466

U.S. 147, 151 (1984) (per curiam)). Indeed, "[c]ourts have been generally unforgiving . . .

when a late filing is due to [the] claimant's failure to 'exercise due diligence in

preserving his [or her] legal rights.'" *Theodule v. Blue Mercury*, 2018 U.S. Dist. LEXIS

148574 at *9 (N.D. Cal. Aug. 29, 2018) (quoting *Irwin*, 498 U.S. at 96).[5]

---

[5] This is true even when Plaintiff's complaint is filed a mere two or three days late.
*See e.g., Scholar*, 963 F.2d at 268 (Plaintiff's Title VII claim was untimely filed three
days after the 90-day period); *Payan*, 495 F.3d at 1127 (upheld dismissal of claim as
untimely because Plaintiff's complaint was filed three days beyond the 90-day period);
*Hidalgo*, 2003 U.S Dist. LEXIS 6296, *aff'd*, 2003 U.S.App. LEXIS 25170 (9th Cir. 2003)
(unpublished) (Plaintiff's Title VII complaint dismissed as untimely because filed 92
days after Plaintiff's receipt of the right-to-sue notice).

ORDER - 8

Here, Dutton has failed to present "extraordinary circumstances beyond [his] control [that] made it impossible to file a claim on time." *Stoll*, 165 F.3d at 1242. The record reflects that Dutton's counsel had several opportunities within his control to discover the misfiling of the Complaint but failed to take advantage of any of them.

First, Dutton's counsel made no effort to verify that the Complaint was timely filed on August 11, 2022, despite a pending statute of limitations issue. While it was reasonable to rely on staff to carry out the filing of the Complaint[6], it was not reasonable for Dutton's counsel to fail to confirm such filing occurred. Indeed, once a complaint is filed in this Court, attorneys are provided email notification of the filing on the same day. *See* United States District and Bankruptcy Court, District of Idaho, Electronic Case Filing Procedures, at 8.C. ("In District and Bankruptcy Court, **whenever a pleading or other document is filed electronically**, in accordance with these procedures, CM/ECF will generate an e-mail "Notice of Electronic Filing" to the filing party and to any other party who is a registered user. This Notice is equivalent to the conformed copy traditionally stamped *Filed*.") (emphasis in original). Thus, even if Dutton's legal assistant reasonably

---

[6] Dutton's counsel delegated the filing of the Complaint to his legal assistant. While delegation of this task is acceptable, "a lawyer having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer. . .." Idaho Rules of Pro. Conduct r. 5.3(b). In employing nonlawyer assistants in a legal practice, a lawyer has an ethical obligation to provide appropriate instruction and supervision and should be responsible for the nonlawyer's work product. *Id.* at cmt. 2. Accordingly, delegation does not absolve Dutton's counsel from his responsibility to comply with the statute of limitations. *See Pincay v. Andrews*, 389 F.3d 853, 856 (9th Cir. 2004) ("The responsibility for the error falls on the attorney regardless of whether the error was made by an attorney or a paralegal.").

believed that she accomplished the timely filing of the Complaint, Dutton's counsel should have known differently when he did not receive email notification of the filing of the Complaint from the Court.

Second, even if Dutton's counsel reasonably believed that the Complaint was filed on August 11, 2022, he unreasonably waited months to verify that fact.  Dutton's counsel only inquired about the filing of the case when he realized that no Summons had been issued by the Court – presumably <u>months later</u> when he reached out to the Clerk's Office to inquire about the case. *See* Dkt. 7-3 (on November 22, 2022, the Court Clerk's office emailed Dutton's counsel following up from when they "initially called last week" and informed them Dutton's case had not been filed). When Dutton's counsel realized the case had not been filed, and the statute of limitations period had long passed, Dutton's counsel requested that the Court Clerk backdate the case to the date of the original attempted filing. (Dkt. 7-3). The Clerk indicated that she was "unable to back date a new case, but you can file this request in the case opened today." (Dkt. 7-3, Ex. B.). Dutton's failure to take any steps to verify whether the Complaint was timely filed or to inquire about a lack of Summons from the Court until months after expiration of the limitations period represents a failure to exercise due diligence in pursuing the filing of the Complaint.

Finally, once Dutton was informed that his Complaint was filed on November 22, 2022, and that he should bring a motion in the newly filed case to back date the Complaint, he waited another four months – until March 22, 2023 – before he filed a

ORDER - 10

motion to deem the Complaint filed earlier. Dutton's delay in filing the present motion is further evidence that Dutton failed to diligently pursue the timely filing of his Complaint.

Dutton's delay in filing the Complaint was avoidable and does not amount to diligently pursuing a timely filing, let alone that Dutton was prevented from timely filing his Complaint by extraordinary circumstances beyond his control. *See Baldwin Cty. Welcome Ctr.*, 466 U.S. at 151 ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."). Thus, Dutton has not presented facts demonstrating a circumstance that would warrant equitable tolling of the limitations period.

Having found that Dutton's Complaint was not filed within the 90-day statute of limitation and that equitable tolling does not apply, the Court will deny Dutton's Motion to Deem Compliant Filed Earlier.

### B. Defendant's Motion to Dismiss.

Lithia seeks to dismiss Dutton's Complaint based on Dutton's failure to timely file his Complaint and properly serve Lithia with process, and failure to adequately plead the claim of breach of implied contract. (Dkt. 19-1). Dutton opposes the motion arguing that service of Lithia's Area Controller was proper and that he adequately plead his claims. (Dkt. 20).

Accepting as true the allegations in the complaint, *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988), the Court must determine whether "the running of the statute is apparent on the face of the complaint." *Lien Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006) (citing *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682

(9th Cir. 1980); *see also Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995) ( "[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.").

As detailed above, each of Dutton's claims under Title VII, the Age Discrimination in Employment Act, and the Idaho Human Rights Act are untimely because they were filed beyond the 90-day statute of limitations. The failure to timely file under the 90-day statute of limitations is apparent on the face of the Complaint. *Jablon*, 614 F.2d at 682. Accordingly, Counts I-VII of the Complaint are dismissed as a matter of law.[7]

The sole remaining claim in Dutton's Complaint is Count VIII's breach of implied contract, including breach of the covenant of good faith and fair dealing. (Dkt. 1 ¶¶ 99-104). There, Dutton alleges that his at-will employment relationship was an employment contract and that Defendant's "acts and omissions taken against Plaintiff described herein constituted a breach of the employment contract" and "a violation, nullification, or significant impairment of the benefits guaranteed to Plaintiff in [his] employment-at-will contract, constituting a breach of the covenant of good faith and fair dealing." (Dkt. 1 at

---

[7] Lithia also moves to dismiss Dutton's Complaint for failure to adequately plead constructive discharge. (Dkt. 19-1). It is unclear from the Complaint whether Dutton amended his EEOC complaint to include a charge of constructive discharge prior to the EEOC's notice of right-to-sue being provided. If he did, then the claim for constructive discharge under Title VII, ADEA, and IHRA is untimely and, therefore, dismissed. If Dutton did not first present his constructive discharge claim to the EEOC before filing suit, he failed to exhaust his administrative remedies with respect to that claim, and therefore, it is also dismissed. *Garcia v. PSI Envtl. Sys.*, 2012 U.S. LEXIS 36791 at *13 (D. Idaho Mar. 16, 2012).

¶¶ 101, 104). Lithia argues Dutton's claim of breach of implied contract should be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(6), because Defendant has failed to adequately plead facts to support such claim. (Dkt. 19-1).

The covenant of good faith and fair dealing is found in all employment agreements, including employment-at-will relationships. *Mitchall v. Zilog*, 874 P.2d 520, 523 (Idaho 1994). This covenant arises in connection with the terms agreed to by the parties but does not create new duties that are not inherent in the employment agreement. *Van v. Portneuf Med. Ctr.*, 212 P.3d 982, 992 (Idaho 2009) (citing *Jones v. Micron Tech.*, 923 P.2d 486, 492 (Idaho Ct. App. 1996). To establish a breach, the plaintiff must set forth an "action which violates, nullifies, or significantly impairs any benefit or right either party has in the employment contract, whether express or implied ..." *Metcalf v. Intermountain Gas Co.*, 778 P.2d 744, 748 (Idaho 1989). The analysis is "an objective determination of whether the parties have acted in good faith in terms of enforcing the contractual provisions." *Jenkins v. Boise Cascade Corp.*, 108 P.3d 380, 390 (Idaho 2005).

Here, Dutton alleges that Lithia breached the at-will employment contract and implied covenant of good faith and fair dealing by referencing "the acts and omissions taken against Plaintiff described herein [in Counts I through VII]." (Dkt. 1 ¶¶ 101, 104). Accepting all allegations as true and drawing all reasonable inferences in favor of Dutton, the Court construes this claim as alleging that Lithia improperly steered work away from Dutton and constructively terminated him based on Lithia's discrimination and retaliation, in violation of the covenant of good faith and fair dealing in Dutton's at-will employee relationship with Lithia. (Dkt. 1 ¶ 27-36, Dkt. 20 at 4-5).  The fatal flaw of this

allegation is that Dutton cannot point to any term of his employment contract, either express or implied, that was breached by Lithia.

The rights Dutton seeks to protect, to be free from discrimination and retaliation, arise not from a term of his at-will employment contract with Lithia, but from statute (*e,g.,* Title VII, ADEA, IHRA). *See Fenwick v. Tessenderlo Kerley, Inc.*, 2004 U.S. Dist. LEXIS 31905 at *40-41 (D. Idaho Nov. 16, 2004); *Atwood v. Western Constructin, Inc.*, 129 Idaho 234, 923 P.2d 479 (1996). And, as described above, Dutton's statutory based claims are time barred.  Although an at-will employment relationship like Dutton's is an employment contract under Idaho law, *Mitchall*, 874 P.2d at 523, Dutton does not state what benefit or right he was entitled to under the agreement that Lithia violated or impaired – beyond those found in statue.  Put another way, Dutton has failed to set forth facts sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555.

Generally, leave to amend a pleading is given freely under Federal Rule of Civil Procedure 15(a)(2).  *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("leave 'shall be freely given when justice so requires'"). The Ninth Circuit instructs that courts should consider five factors in assessing whether leave to amend should be given: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the [party] has previously amended his [pleadings]." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). Futility, by itself, can justify denial of a motion for leave to amend. *Id.* "[T]he 'general rule that parties are allowed to amend their pleadings . . . does not extend to cases . . . where the amended complaint would . . . be subject to

dismissal.'" (first ellipsis in original) (*Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998)).

Here, the Court declines to grant Dutton leave to amend his breach of implied covenant of good faith and fair dealing claim because amendment would be futile. Dutton has no federal claims remaining, as Counts I-VII have been dismissed as untimely. Thus, any possible amendment of his breach of implied covenant of good faith and fair dealing claim would only raise matters under state law, for which the Court declines to exercise supplemental jurisdiction over. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)) (When all claims of original jurisdiction are eliminated prior to trial, courts should generally decline to exercise supplemental jurisdiction over any remaining state law claims.). Therefore, the Court dismisses Dutton's breach of implied covenant claim without prejudice to Dutton raising such claim in state court.

Although the Court has decided to dismiss each of Dutton's claims as discussed above, it will also address Lithia's final argument for completeness. Lithia argues that dismissal of Dutton's Complaint is proper because Dutton failed to timely serve it with the Complaint. (Dkts. 19-1, 21).  Dutton served Lithia on February 24, 2023 (Dkt. 20-1 ¶ 4), 94 days after the Complaint was filed on November 22, 2022. (Dkt. 1) Dutton offers no explanation for the delay in serving Lithia.[8]

---

[8] In response to Lithia's timeliness arguments regarding the filing of the Complaint and service on Lithia, Dutton states, "Plaintiff will simply refer the Court to his arguments in his Motion to Deem Complaint Filed on Earlier Date (Dkt. 7), and especially his Reply to Response in Opposition to Motion (Dkt. 14), as the arguments regarding timeliness have been fully fleshed out in those documents and the arguments
(Continued)

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Ninth Circuit has established a two-step analysis in deciding whether to extend the prescribed time period for service of a complaint under Rule 4(m). "First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). "Exercise of discretion to extend time to complete service is appropriate when, for example, a statute-of-limitations bar would operate to prevent re-filing of the action." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9ᵗʰ Cir. 2009).

Here, Dutton never provided the Court with *any* explanation for why he waited until February 24, 2023, to serve Lithia. Dutton does explain that he failed to timely file his Complaint because of an administrative error. As described above, the Court finds that this did not amount to excusable neglect. Even accepting, *arguendo*, Dutton's explanation for the untimely Complaint, Dutton offers nothing to explain why he waited

---

made by Plaintiff and Defendant in Documents 7, 10, and 14 in this case appear to be dispositive on this issue." (Dkt. 20). These filings all refer to Dutton's late filed Complaint and request to back-date the same. They do not address Lithia's argument regarding untimely service of the Complaint.

another 94 days after the late filed Complaint to serve Lithia. The record does not support a showing of good cause or excusable neglect as to Dutton's delay in serving Lithia. (Dkt. 20).  Accordingly, the Court finds that Dutton's service on Lithia was untimely and, in its discretion, will not extend the time for service on Lithia.

## CONCLUSION

Based on the foregoing, the Court denies Dutton's motion to deem the Complaint filed earlier because Dutton failed to demonstrate that he was entitled to equitable tolling of the 90-day statute of limitations. Further, the Court grants Lithia's motion to dismiss. Dutton's allegations under Title VII, the Age Discrimination in Employment Act, and the Idaho Human Rights Act in Counts I through VII are untimely. Dutton's remaining claim in Count VIII for breach of the implied covenant of good faith and fair dealing fails to state a claim for which relief may be granted in federal court.

## ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's motion to deem the Complaint filed earlier (Dkt. 7) is DENIED.

FURTHER, IT IS ORDERED that Defendant's motion to dismiss (Dkt. 19) is GRANTED as follows:

I)      Counts I-VII of Plaintiff's Complaint are dismissed with prejudice.

II)     Count VIII of Plaintiff's Complaint is dismissed without prejudice as to Plaintiff's ability to file such claim in state court.

DATED: September 13, 2023

Honorable Debora K. Grasham
United States Magistrate Judge